NO. 07-02-0352-CR

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL C

NOVEMBER 21, 2002
_____

DAVID MCKAY,

Appellant

v.

THE STATE OF TEXAS,

Appellee
_____

FROM THE 31ST DISTRICT COURT OF LIPSCOMB COUNTY;

NO. 1026; HON. STEVEN EMMERT, PRESIDING
_____

Before QUINN, REAVIS and JOHNSON, JJ.

David McKay (appellant) appeals from an order revoking his community supervision. He had originally been convicted of aggravated assault with a deadly weapon via a plea bargain and plea of guilty. Pursuant to the plea agreement, he was sentenced to five years imprisonment. However, the sentence was suspended, and appellant was placed on five years probation. Subsequently, the State filed a motion to revoke probation. Appellant pled true to various grounds stated in the motion and denied the others. The

trial court granted the motion, revoked appellant's probation, and sentenced him to five years in the Institutional Division of the Texas Department of Criminal Justice.

Appellant timely noticed his appeal, and counsel was appointed. Appellant's counsel then moved to withdraw, after filing a brief pursuant to *Anders v. California*, 386 U.S. 738, 87 S. Ct. 1396, 18 L.Ed.2d 493 (1967), and representing that he had searched the record and found no arguable grounds for reversal. The motion and brief illustrated that appellant was informed of his rights to review the appellate record and file his own brief. So too did we inform appellant that any *pro se* response or brief he cared to file had to be filed by November 14, 2002. To date, appellant has filed no *pro se* response or brief.

In compliance with the principles enunciated in *Anders*, appellate counsel discussed four potential areas for appeal. Each concerned the courts decision to revoke his community supervision. However, in posing the arguments, counsel also illustrated why each was without merit.

Moreover, we conducted an independent review of the record to determine whether there existed reversible error and found none. *See Stafford v. State*, 813 S.W.2d 503, 511 (Tex. Crim. App. 1991) (requiring us to conduct an independent review). The record illustrated that no appeal was taken within 30 days from the date of appellant's guilty plea and conviction complaining of error occurring at that time; thus, we have no jurisdiction over any purported error arising from or prior to the plea hearing. *Manuel v. State*, 944 S.W.2d 658, 661-62 (Tex. Crim. App. 1999); *see Cooper v. State*, 45 S.W.3d 77, 83 (Tex. Crim. App. 2001). Furthermore, finding that any one ground warranting revocation existed, the trial court was entitled to revoke his community supervision. *Moore v. State,* 605

2

S.W.2d 924, 926 (Tex. Crim. App. 1979). Here, appellant pled true to two of the four grounds contained in the motion to revoke. Standing alone, a plea of true is sufficient to support the trial court's order of revocation. *Hatten v. State,* 71 S.W.3d 332, 335 n.2 (Tex. Crim. App. 2002). Thus, the appellate record contained evidence supporting the decision to revoke probation. Furthermore, the punishment levied was within the range provided by statute and agreed to by the parties.

Accordingly, counsel's motion to withdraw is granted, and the judgment of the trial court is affirmed.

Brian Quinn
Justice

Do not publish.